UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM GILL & <br> MATTHEW GILL ) <br> ) <br> **Plaintiffs** ) <br> vs. ) <br> ) <br> NCO FINANCIAL SYSTEMS, ) <br> INC. ) <br> ) <br> ) <br> **Defendant** ) <br> ) | | Case Number <br><br> **CIVIL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, William Gill and Matthew Gill f/s, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiffs, William Gill and Matthew Gill, f/s, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant, NCO, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District.

## III. PARTIES

4. Plaintiffs, William Gill and Matthew Gill f/s, (hereafter, Plaintiffs) are adult natural persons residing at 1522 Ivywood Way, Lansdale, PA. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, NCO, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Within the last twelve (12) months the Plaintiffs have been receiving daily calls from the Defendant demanding payment on an alleged debt owed on a past due school loan.

8. Defendant places harassing collection calls to Plaintiffs on both their personal cell phones and to their home phone.

9. Defendant, William, states that he has received up to five or six (5 or 6) calls each day since the calls started to his personal cell phone.

10. Plaintiff, Matthew is said to owe a balance of approximately $60,000.00.

11. Plaintiff, William, who is Matthew's father, is a co-signer on said debt.

12. Both Plaintiffs have informed the Defendant that they are making very little money and cannot make large payments at this time yet the Defendant's agents continue to try and coerce and force large payments from the Plaintiffs.

13. The Defendant is demanding that the full balance be paid.

14. On a recent call from the Defendant, Plaintiff, William, was urged by a male agent to take out a personal loan to pay back the school loan.

15. Plaintiff, William, informed the Defendant's agent, that he knew that this would not be possible, as he is well aware that he currently has bad credit.

16. Defendant's male agent went on to state that maybe Plaintiff, William, could try for a loan of a lesser amount of around $48,000.00.

17. Plaintiff, William, was told that the Defendant would accept payment of $48,000.00 to settle the account.

18. Plaintiff, William, again stated that he knew there was no way that he could take out a personal loan, especially for that amount of money.

19. Plaintiffs have offered lower payment amount to try and settle the account, but the Defendant continues to decline any offers that are made.

20. Most recently, Plaintiff, Matthew, was told that nothing less than $6,000.00 down and $800.00 or $900.00 a month after that could be accepted.

21. Despite continually informing the Defendant that this cannot be afforded, the Defendant still refuses to work with the Plaintiffs on a payment plan that is reasonable for them.

22. As of the filing of this complaint, the Defendant has sent nothing in writing to the Plaintiffs on this account.

23. As of the filing of this complaint, the constant daily calls demanding payment have continued.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

26. At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

27. As a result of Defendant's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain

and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

|  |  |  |
|---|---|---|
| | §§ 1692g | Failure to send the consumer a 30-day validation notice within five (5) days on the initial communication |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, NCO, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

31. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

32. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

33. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

34. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

35. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

36. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

38. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

39. The foregoing paragraphs are incorporated herein by reference.

40. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

41. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

42. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

  a. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  b. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

43. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

44. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  May 16, 2013**

**BY:** */s/  Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire

Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
Attorney for Plaintiff